IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN NICHOLAS COYLE,

     Plaintiff,                    No. CIV S-04-2309 LKK KJM P

     vs.

CHARLOTTE HARRIS-WHITE, et al.,    <u>ORDER AND</u>

     Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

                          /

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants Lane, Godman, Mitchell, Anderson, Tillman and Burgess have filed a motion to sever in part and stay in part.[1]

        Defendants ask that claims I, II and III appearing in plaintiff's complaint be severed from one another. None of the defendants bringing the motion before the court are defendants in claim I. In claim I, plaintiff alleges defendants Harris-White and Steber denied plaintiff adequate medical care in violation of the Eighth Amendment between November 2003 and May 2004 while plaintiff was housed in the El Dorado County Jail. Compl. at 4-18. The court construes claim II to state a claim upon which relief may be granted against defendants

---

[1] These defendants also ask that defendant Lane be dismissed. However, since the filing of defendants' motion, Lane has been dismissed by stipulation.

1

1  Godman and Tillman, for the use of excessive force in violation of the Eighth Amendment based
2  on an incident that occurred at the El Dorado County Jail on January 12, 2004.  Compl. at 38-43.
3  The court construes claim III to state claims upon which relief may be granted against defendants
4  Mitchell, Anderson and Burgess, for the use of excessive force in violation of the Eighth
5  Amendment based on an incident that occurred at the El Dorado County Jail on March 27, 2004.
6  Compl. at 44-52.  Plaintiff does not object to severing claim I from claims II and III, but does
7  object to proceeding with three different actions.
8           Under Rule 21 of the Federal Rules of Civil Procedure, the court may add or drop
9  parties on such terms as are just; any claim against a party may be severed and proceed
10 separately.  The court has broad discretion in determining whether to order severance.  Fed. R.
11 Civ. P. 21 (". . . Parties may be dropped or added by order of the court on motion of any party or
12 of its own initiative at any stage of the action and on such terms as are just. . . ."); Brunet v.
13 United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994).  "Fairness is a critical consideration in
14 determining whether severance is appropriate."  Pena v. McArthur, 889 F. Supp. 403, 407 (E.D.
15 Cal. 1994) (relying on United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966)).
16          Because the parties agree to a severance of claim I from claims II and III, and
17 there do not appear to be any problems with such a severance from the court's perspective,
18 claims II and III will be severed from this action.
19          Plaintiff asserts several reasons for not severing claim II from claim III.  Opp'n at
20 3:18-5:10.  However, none are availing.  The claims involve different incidents, occurring on
21 different days, with different defendants.  While the claims both involve the use of excessive
22 force by prison employees upon a prisoner, this fact alone does not justify the claim II and III
23 defendants being required to participate, even if passively, in the litigation of the other claim in
24 which they are not named.  Moreover, to require that all defendants participate in the same trial,
25 if the case goes to trial, would prejudice any one defendant due to the potential for a finding of
26 guilt by association.  See Wynn v. National Broadcasting Co., Inc., 234 F. Supp. 2d 1067, 1089

(C. D. Cal. 2002). The court thus will order that this action proceed from this point as three separate actions.

Finally, with regard to claims II and III, defendants ask that this court either abstain from proceeding on those claims under Younger v. Harris, 401 U.S. 37 (1971), or stay the proceedings until state court criminal proceedings against plaintiff arising from the incidents at issue in claims II and III are complete. Plaintiff agrees that the claims II and III should be stayed.

In the interest of judicial economy, the court will recommend that claims II and III be stayed. It appears at least possible that some of the issues dispositive of claims II and III could be resolved in the state court criminal proceeding, thereby allowing a party to assert *res judicata* or collateral estoppel once a stay is lifted here.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 14, 2006 motion for severance filed by defendants Lane, Godman, Mitchell, Anderson, Tillman and Burgess is granted.

2. This action will proceed on Claim I in plaintiff's complaint, against defendants Harris-White, Cooper and Steber.

3. The Clerk of the Court is directed to open two new files, which shall be assigned to the same district judge and magistrate judge as this action, with adjustment in the assignment of civil cases as appropriate. In one action, the defendants shall be identified as defendants Godman and Tillman and that action will proceed on claim II identified in plaintiff's complaint. In the other, the defendants shall be identified as defendants Mitchell, Anderson and Burgess and that action will proceed on claim III identified in plaintiff's complaint. The clerk shall file a copy of plaintiff's complaint in each of the new cases along with a copy of this order.

IT IS HEREBY RECOMMENDED that the July 14, 2006 motion by defendants Lane, Godman, Mitchell, Anderson, Tillman and Burgess that claims II and III found in plaintiff's complaint be stayed, be granted.

/////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: January 18, 2007.

_____
U.S. MAGISTRATE JUDGE

1
coyl2309.57